*Attorney General Merrick Garland v. Peter Strzok*
*In re Subpoena Served on Donald Trump*
*Case No. 1:22-mc-00027-ABJ*

# EXHIBIT A

## Strzok First Set of Requests for Production

## Exhibit to Plaintiff Peter Strzok's Notice in Response to the Court's April 27, 2022 Minute Order

## May 6, 2022

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PETER P. STRZOK, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WILLIAM P. BARR, in his official capacity ) <br> as Attorney General of the United States, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 1:19-CV-02367-ABJ |

**PLAINTIFF STRZOK'S FIRST SET OF REQUESTS FOR PRODUCTION**

Plaintiff Strzok, through his undersigned counsel and pursuant to Federal Rules of Civil Procedure 26 and 34, hereby requests that Defendants William P. Barr, the United States Department of Justice, Christopher A. Wray, and the Federal Bureau of Investigation each produce each and every document in their possession, custody, or control that is responsive to the below Requests within thirty (30) days.

**DEFINITIONS**

1. "You," "Your," or "Yours" means: (i) Attorney General William P. Barr, in his official capacity; (ii) the United States Department of Justice; (iii) FBI Director Christopher A. Wray, in his official capacity; and (iv) the Federal Bureau of Investigation. This includes all employees and agents of the Department of Justice or the Federal Bureau of Investigation.

2. "Plaintiff" or "Mr. Strzok" means Plaintiff Peter P. Strzok.

3. "Ms. Page" means Ms. Lisa Page, Plaintiff in the action *Page v. U.S. Department of Justice*, No. 1:19-cv-03675 (D.D.C.).

4. "And" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these Requests information or Documents which might otherwise be construed to be outside their scope.

5. "Any" shall be construed to include the word "all" and "all" shall be construed to include the word "any."

6. "Each" shall be construed to include the word "every" and "every" shall be construed to include the word "each."

7. "AD Will" means Assistant Director Candice M. Will.

8. "Communication(s)" means any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to, verbal expression, gesture, writings, documents, language (machine, foreign, or otherwise) of any kind, computer electronics, email, sms, mms or other "text" messages, messages on "social networking" sites (including but not limited to, Facebook, Google+, Myspace, and Twitter), instant messages on any application including Microsoft Lync, communications on any government platform, including unclassified (Green or "UNET"), secret (Red or "FBINET"/SIPRNET), and top secret (Yellow or "SCION"/JWICS), shared applications from cell phones, "smartphones," netbooks and laptops, sound, radio, or video signals, telecommunication, telephone, teletype, facsimile, or by other means. "Communications" also shall include, without limitation, all originals and copies of inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, press, publicity, trade releases and the like that are provided by you or to you by others, or any stored communications or record of a communication, including

any communications or associated data maintained by the FBI Enterprise Security Operations Center (ESOC) or any similar office.

9. "Concerning" means relating to, referring to, describing, evidencing or constituting.

10. "DD Bowdich" means Deputy Director David Bowdich.

11. "Document(s)" has the same meaning herein as used in Rule 34 of the Federal Rules of Civil Procedure and shall accordingly be construed in its broadest sense to include, without limitation, any writings, drawings, graphs, charts, photographs, models, sound recordings, images, and other data or data compilations, including metadata, whether written, printed, typed, recorded, copied, or otherwise created, and whether stored in tangible, physical, electronic, magnetic, or other form, through (or from) which information is conveyed or stored. Two or more items described by the preceding sentence that are materially different—for example, have different handwritten notes or highlighting—constitute separate Documents under this definition. Document(s) also include any file, tab, folder, binder, box, cabinet, disk, CD, DVD, or other labels appended to any other Document(s).

12. "DRB" means the FBI Disciplinary Review Board.

13. "Include" (and any variations thereof) means including, but not limited to, and does not limit the scope of a request in any way.

14. "Last Chance Agreement" means the agreement that Plaintiff signed on July 26, 2018 (*See* ECF No. 30-6).

15. "OIG" means the Department of Justice Office of the Inspector General.

16. "Person" means any natural person, corporation, firm, partnership, unincorporated association, trust or other legal, business, or governmental entity, and any group or combination thereof.

17. "Press" means any person or entity that publishes, compiles, or participates in the publishing or compilation of information or opinions for public dissemination including through any newspaper, periodical, broadcast, blog, or other publication.

18. "Members of the Press" include any journalist, news researcher, or any employee of the Press. Examples of Members of the Press include Matt Apuzzo, Adam Goldman, Devlin Barrett, and Karoun Demirjian.

19. As used herein, the singular shall include the plural and the plural shall include the singular whenever necessary to bring within the scope of these Requests information or Documents which might otherwise be outside their scope.

20. As used herein, the masculine shall include the feminine and the feminine shall include the masculine whenever necessary to bring within the scope of these Requests information and Documents which might otherwise be outside their scope.

21. To the extent not otherwise defined herein, all words shall have their usual and ordinary meaning as the context would indicate or require.

## INSTRUCTIONS

1. You are to respond to the following Requests and produce responsive materials within your possession, custody, or control in accordance with, and as required by, the Federal Rules of Civil Procedure. Production of responsive materials and a written response should be made within 30 days of service, or as otherwise agreed upon by counsel.

2. Documents in your possession, custody, or control are requested and include documents in the possession of your employees, agents, representatives, and attorneys.

3. You must produce all documents responsive to each request. To the extent that You contend that is not possible, You must respond to the extent possible and explain why a full response is not possible. Relatedly, to the extent Your search for responsive documents is restrictive in any way, you must describe those restrictions and explain why they will not result in responsive materials not being produced.

4. The fact that a Request provides certain examples of responsive Documents that You must produce does not change the fact that other kinds of Documents may also be responsive, which You must also produce in response to that request.

5. Produce electronically stored information as load-ready data, including Tagged Image File Format (TIFF) documents, text files, load files (OPT, DAT, LSI), and provide native files. You much provide all available metadata for each document you produce.

6. Produce scans of any hard copy materials as load-ready data, and supply the custodian and location from whom each hard copy document was collected.

7. Documents withheld from production or redacted on the basis of attorney-client privilege, work product protection, or any other privilege or protection shall be logged. The privilege log must include an entry for each documents in chronological order, setting forth as to each the following: (a) document type; (b) document date; (c) the document name or subject line; (d) for a communication the sender, addressee, and each other recipient; (e) the custodian from whom the document was collected; (f) each privilege or immunity claimed; (g) a description of the withheld Document or redacted material that is sufficiently descriptive to allow Plaintiff to assess Your privilege claim.

8. You may not redact any information on the basis that it is duplicative or irrelevant.

9. You must produce Documents not otherwise responsive to a request if they are attached to, enclosed with, or electronically forwarded with any Document that is responsive.

10. If more than one copy of a requested document (e.g., a clean copy and a copy with handwritten or other notations) exists, and if one or more documents have any writing or markings on them which differentiate them from other copies, you shall produce all such copies.

11. Each Request shall be deemed continuing so as to require supplemental responses if You obtain or discover additional Documents after the date of Your initial production.

12. Unless otherwise stated, the Relevant Period is January 1, 2016 through the present. You much produced all documents drafted, created, modified, saved, sent, or received during the Relevant Period to the extent they are responsive to one or more of the Requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:**

All communications, or documents reflecting communications, between You and President Donald Trump, Don McGahn, any other White House official, or any person expressing or purporting to express President Trump's or Mr. McGahn's opinions, wishes, desires, or orders concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**REQUEST NO. 2:**

All documents possessed by, or communications sent from or to, Jeff Sessions, Christopher Wray, Rod J. Rosenstein, Andrew McCabe, Matthew Whitaker, Michael Horowitz,

Scott Schools, or the Office of Deputy Attorney General concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**REQUEST NO. 3:**

All documents or communications that the proposing official considered or relied upon in formulating the proposal to discipline Mr. Strzok.

**REQUEST NO. 4:**

All documents or communications that AD Will considered or relied upon in making the decision to impose disciplinary action on Mr. Strzok.

**REQUEST NO. 5:**

All draft versions of AD Will's disciplinary decision.  (*See* ECF No. 30-5).

**REQUEST NO. 6:**

All documents, including communications, that AD Will or her staff possessed, sent, or received concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**REQUEST NO. 7:**

All documents reflecting any communications with AD Will, or any person who worked for or assisted AD Will, concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**REQUEST NO. 8:**

All documents or communications that DD Bowdich considered or relied upon in deciding to terminate Mr. Strzok's employment.

**REQUEST NO. 9:**

All draft versions of DD Bowdich's letter terminating Mr. Strzok's employment.  (*See* ECF No. 30-7).

**REQUEST NO. 10:**

All documents, including communications, that DD Bowdich or his staff possessed, sent, or received concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**REQUEST NO. 11:**

All documents reflecting any communications with DD Bowdich or his staff concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**REQUEST NO. 12:**

All documents or communications concerning the Last Chance Agreement, any earlier version of that agreement, Mr. Strzok's acceptance of that agreement, or the effect of his acceptance of that agreement.

**REQUEST NO. 13:**

All documents or communications concerning any instance between January 1, 2013 and the present in which an FBI employee has been disciplined for any of the three charges asserted against Mr. Strzok, namely FBI Offense Code 1.7 (Misconduct Related to Judicial Proceedings), 5.18 (Security Violation – Other), or 5.21 (Unprofessional Conduct – Off Duty).

**REQUEST NO. 14:**

All documents or communications concerning any instance between January 1, 2013 and the present in which the FBI has applied Policy 0915D to alter the severity of a disciplinary action.

**REQUEST NO. 15:**

All documents or communications concerning any instance between January 1, 2013 and the present in which the FBI has not honored a last chance agreement that an employee has signed and the rationale for any such decision.

**REQUEST NO. 16:**

All documents or communication concerning any instance between January 1, 2013 and the present in which discipline of an FBI employee has been proposed or imposed for engaging in disruptive speech.

**REQUEST NO. 17:**

All documents or communications concerning any instance between January 1, 2013 and the present in which any other FBI employee has been denied a DRB review that he or she requested.

**REQUEST NO. 18:**

All documents or communication concerning any other instance, irrespective of the Relevant Period, in which a final disciplinary decision of AD Will has been modified or overturned.

**REQUEST NO. 19:**

All documents or communications concerning FBI policy regarding the rights of FBI employees to express political opinions.

**REQUEST NO. 20:**

All documents or communication concerning any actual disruption of the operations and/or mission of the FBI resulting from the speech at issue in this case.

**REQUEST NO. 21:**

All documents or communication that support any contention that the speech at issue in this case had the potential to disrupt the operations and/or mission of the FBI.

**REQUEST NO. 22:**

All documents or communication concerning any complaint or concern expressed by any FBI employee about the speech engaged in by Mr. Strzok at issue in this case, or any friction or disharmony among FBI employees caused by the speech at issue.

**REQUEST NO. 23:**

All documents or communications concerning the purposes, scope, and function of the DRB, including which employees are entitled to DRB review and under what circumstances DRB review may be withheld.

**REQUEST NO. 24:**

All FBI policies describing permissible or impermissible use of FBI issued cell phones.

**REQUEST NO. 25:**

All documents describing the job duties and responsibilities associated with Mr. Strzok's positions of employment between January 1, 2016 and August 9, 2018.

**REQUEST NO. 26:**

All documents that relate to any policy making function or policy making authority associated with Mr. Strzok's positions of employment between January 1, 2016 and August 9, 2018.

**REQUEST NO. 27:**

All SF 50's, SF 52's, or any other document reflecting the effective date of AD Will's decision to suspend and demote Mr. Strzok, or the effective date of DD Bowdich's decision to terminate Mr. Strzok's employment.

**REQUEST NO. 28:**

All documents which support the FBI's argument that AD Will's decision to demote and suspend Mr. Strzok was not the final decision of the FBI or did not bind the agency.

**REQUEST NO. 29:**

All communication collected as part of any OIG investigation that reflect or concern FBI employees expressing political opinions critical of Hillary Clinton or supportive of Donald Trump.

**REQUEST NO. 30:**

All other communications sent by FBI employees that You have previously identified as critical of any candidate for political office and which resulted in Your evaluating disciplinary action against an employee.

**REQUEST NO. 31:**

All documents or communication concerning any potential or actual adverse action, including disciplinary proceedings, proposed or taken by the FBI against any employee for criticizing Hillary Clinton or Joseph Biden or supporting President Trump.

**REQUEST NO. 32:**

All documents or communications concerning the decision to fire former FBI Director Andrew McCabe.

**REQUEST NO. 33:**

All documents or communications concerning the decision to fire former FBI Director James Comey.

**REQUEST NO. 34:**

Mr. Strzok's complete, official personnel file, including all performance appraisals, awards, commendations, pay-related documents and position descriptions, irrespective of the Relevant Period.

**REQUEST NO. 35:**

All communications, or documents reflecting communications, with Special Counsel Robert Mueller or any member of the Special Counsel's team related to Mr. Strzok's political views, his removal from the Special Counsel investigation, or any potential or actual discipline or termination.

**REQUEST NO. 36:**

All communications between You and any Member of the Press concerning Mr. Strzok's suspension, termination, or any associated rationale.

**REQUEST NO. 37:**

All other documents You contend are relevant to Mr. Strzok's First or Fifth Amendment claims in this action.

Date: November 1, 2020                    Respectfully,

/s/ Aitan D. Goelman_____
Aitan D. Goelman (DC Bar 446636)
Christopher R. MacColl (DC Bar 1049153)
ZUCKERMAN SPAEDER LLP
1800 M Street, NW, Suite 1000
Washington, DC 20036
Tel: (202) 778-1800
AGoelman@zuckerman.com

/s/ Richard A. Salzman_____
Richard A. Salzman (DC Bar 422497)
HELLER, HURON, CHERTKOF & SALZMAN PLLC
1730 M Street, NW, Suite 412
Washington, DC 20036
Tel: (202) 293-8090
salzman@hellerhuron.com

'

## **CERTIFICATE OF SERVICE**

I certify that on this 1st day of November 2020 the foregoing was served by email on counsel for defendants. A copy of these requests will also be sent by certified mail.

                                                      _/s/ Christopher R. MacColl_
                                                      Counsel for Plaintiff Peter Strzok