*Attorney General Merrick Garland v. Peter Strzok*
*In re Subpoena Served on Donald Trump*
*Case No. 1:22-mc-00027-ABJ*

# EXHIBIT B

## Defendants' Objections and Responses to Strzok First RFPs

**Exhibit to Plaintiff Peter Strzok's Notice in Response
to the Court's April 27, 2022 Minute Order**

**May 6, 2022**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| PETER P. STRZOK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-CV-2367-ABJ |
| v. | ) | |
| | ) | |
| WILLIAM P. BARR, in his official capacity as Attorney General of the United States, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANTS' RESPONSES TO PLAINTIFF PETER STRZOK'S
FIRST SET OF REQUESTS FOR PRODUCTION**

Defendants U.S. Department of Justice, Federal Bureau of Investigation, William

P. Barr, in his official capacity as Attorney General of the United States, and Christopher

A. Wray, in his official capacity as Director of the Federal Bureau of Investigation, respond

to Plaintiff Peter Strzok's First Set of Requests for Production as follows:

**Objections to Definitions**

1.        Defendants object to the definition of "You," "Your," or "Yours" on the

ground that it is overbroad and not proportional to the needs of the case because it includes

communications between any DOJ and FBI employee and any "person" regardless of their

position and regardless of their involvement in the events giving rise to the claims or

defenses in this case.  Defendants will construe this definition, and the requests generally,

to be limited to seek documents from persons who are reasonably likely to have

information responsive to Mr. Strzok's document requests.

1

2.      Defendants object to the definition of "[c]ommunications" as beyond the scope of Rule 34 because it is defined to include information (like a "verbal expression" or "gesture") that does not constitute "documents or electronically stored information" within the meaning of Rule 34(a)(1)(A).  Defendants will construe this definition, and the requests generally, to seek documents or electronically stored information responsive to Mr. Strzok's document requests.  Defendants further object to the definition of "[c]ommunications" to the extent it could be construed as requiring Defendants to produce classified information to those without a need to know, or to those not authorized to receive it.  Defendants will not produce classified information to individuals without a need to know or lacking an appropriate clearance.

3.      Defendants object to the definition of "Last Chance Agreement" to the degree it implies that the referenced document created any legally enforceable rights between the Parties.

### Objections to Instructions

1.      Defendants object to instruction #1 to the extent it purports to require production of all responsive documents within thirty days.   In accordance with Rule 34(b)(2)(B), Defendants anticipate making rolling productions of responsive documents beginning on December 11, 2020.

2.      Defendants object to instruction #2 to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.

3.      Defendants object to the production specifications in instructions #5 and #6 as not proportional to the needs of the case to the extent they purport to apply to documents

2

on DOJ classified systems and/or FBI documents.  Documents on classified systems cannot be loaded into litigation counsel's e-discovery platform, which is located on an unclassified computer system.  Defendants will therefore produce documents from DOJ's classified systems in PDF format.  However, if Plaintiff would like a particular metadata field for a particular document produced by DOJ from a classified system, Defendants are willing to consider Plaintiff's request to produce any non-privileged metadata on a document-by-document basis.  The FBI has never produced metadata or native files in litigation. Changing to an entirely new production format solely for this case would be a time-intensive process and would not be proportional to the needs of the case.  Thus, the FBI will also produce documents in PDF format but will consider on a document-by-document basis any requests from Plaintiff for particular metadata field(s) for a particular document(s) produced by the FBI.

4.    Defendants objection to instruction #7 to the extent it imposes obligations about the contents of a privilege log beyond the scope of Rule 26(b)(5)(A).

5.    Defendants object to the "Relevant Period" in instruction #12 as overbroad and not proportional to the needs of the case.  Instruction #12 defines "Relevant Period" as "January 1, 2016 through the present"; yet, Mr. Strzok's employment with the FBI was terminated in August 2018.  Unless otherwise noted below, Defendants will construe the Relevant Period to be January 1, 2016 until August 31, 2018.

### Objections to All Requests for Production

1.    Defendants object to the requests to the extent that they seek information protected against disclosure by: (a) the attorney work product doctrine; (b) the attorney-client privilege; (c) the deliberative process privilege, the joint defense privilege, the

common interest privilege, the law enforcement privilege, or the state secrets privilege; (d) any other form of executive privilege; or (e) any other applicable privilege or protection. Defendants will provide privilege logs in the course of their rolling productions.

2.      Defendants object to the requests to the extent they seek documents created by or sent to litigation counsel, agency counsel assigned to this litigation, or other legal staff assigned to any collateral Freedom of Information Act requests, which are protected against disclosure by the attorney-client privilege and the attorney work product doctrine. Documents created by or sent to litigation counsel, agency counsel assigned to this litigation, or other legal staff assigned to collateral FOIA requests will not be included on Defendants' privilege logs.

3.      Defendants object to the requests to the extent that they seek information protected against disclosure by the Privacy Act, *see* 5 U.S.C. § 552a, and the privacy interests and expectations of persons not party to this litigation.

4.      Defendants object to the requests to the extent they seek the identities of FBI employees who have been the subject of disciplinary proceedings, as the identities of such individuals are not relevant to any claim or defense in this action. Defendants reserve the right to replace the names of such individuals with pseudonyms to protect their privacy interests and professional reputations.

5.      Defendants object to each of the requests to the extent they are duplicative of other Requests. Documents responsive to multiple Requests will be produced only once.

6.      Defendants incorporate all of the foregoing objections in each of the responses below regardless of whether a specific objection is reasserted with respect to a

4

specific request.  A specific response may repeat a general objection for emphasis or some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.  Moreover, the assertion of the same, similar, or additional objections in response to a specific request does not waive, limit, or modify any of Defendants' general objections or similar or separate specific objections raised in response to a request.

7.     Defendants' response to a request indicating that documents will be produced shall not be deemed or construed to mean that there are, in fact, responsive documents, that Defendants performed any of the acts described in the document request, or that Defendants agree with the characterization of the conduct or activities described in the document request.

8.     Defendants expressly reserve the right to supplement, clarify, review, or correct any or all of the responses and objections here, and to assert additional objections or privileges, in one or more subsequent supplemental response(s).

**Objections and Responses to Specific Requests for Production**

**Request No. 1:**  All communications, or documents reflecting communications, between You and President Donald Trump, Don McGahn, any other White House official, or any person expressing or purporting to express President Trump's or Mr. McGahn's opinions, wishes, desires, or orders concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request "[a]ll communications, or documents reflecting communications . . . expressing or purporting to express President

5

Trump's or Mr. McGahn's opinions . . . concerning Mr. Strzok" includes documents not related to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants will construe this request to be limited to documents relating to Mr. Strzok's political views or the events that formed the basis of the termination of Mr. Strzok's employment from the FBI.  Defendants further object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request "[a]ll communications between You and . . . any person . . . purporting to express President Trump's or Mr. McGahn's opinions" includes communications between any DOJ and FBI employee and any "person" regardless of the place of employment of that "person" and regardless of their involvement in the events giving rise to the claims or defenses in this case.  Defendants will construe this request to be limited to communications between DOJ and FBI employees and/or White House officials involved in the events that formed the basis of the termination of Mr. Strzok's employment from the FBI.  Defendants further object to this request to the extent it seeks information protected against disclosure by the deliberative process privilege, the attorney-client privilege, the attorney work product doctrine, or any other applicable executive privilege.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 2:**  All documents possessed by, or communications sent from or to, Jeff Sessions, Christopher Wray, Rod J. Rosenstein, Andrew McCabe, Matthew Whitaker, Michael Horowitz, Scott Schools, or the Office of Deputy Attorney General concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**Objections:**  Defendants object to this request to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.  Defendants further object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request for "[a]ll documents . . . or communications . . . concerning Mr. Strzok" includes documents not relating to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants will construe the request to be limited to documents relating to Mr. Strzok's political views or the events that formed the basis of the termination of Mr. Strzok's employment from the FBI.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 3:**  All documents or communications that the proposing official considered or relied upon in formulating the proposal to discipline Mr. Strzok.

**Objections:**  Defendants object to this request to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 4:**  All documents or communications that AD Will considered or relied upon in making the decision to impose disciplinary action on Mr. Strzok.

7

**Objections:**  Defendants object to this request to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 5:**  All draft versions of AD Will's disciplinary decision. (*See* ECF No. 30-5).

**Objections:**  Defendants object to this request to the extent it seeks information protected against disclosure by the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, the attorney work product doctrine, or any other applicable executive privilege.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 6:**  All documents, including communications, that AD Will or her staff possessed, sent, or received concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**Objections:**  Defendants object to this request to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.  Defendants further object to this request to the extent it seeks documents regarding all Office of Professional Responsibility employees regardless of their position and regardless of their involvement

8

in the events giving rise to the claims or defenses in this case.  Defendants will construe this request to be limited to the persons who are reasonably likely to have information responsive to Mr. Strzok's document requests.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 7:**  All documents reflecting any communications with AD Will, or any person who worked for or assisted AD Will, concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**Objections:**  Defendants object to this request to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.  Defendants further object to this request to the extent it seeks documents regarding all Office of Professional Responsibility employees, regardless of their position and regardless of their involvement in the events giving rise to the claims or defenses in this case.  Defendants will construe this request to be limited to the persons who are reasonably likely to have information responsive to Mr. Strzok's document requests.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 8:**  All documents or communications that DD Bowdich considered or relied upon in deciding to terminate Mr. Strzok's employment.

**Objections:** Defendants object to this request to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 9:** All draft versions of DD Bowdich's letter terminating Mr. Strzok's employment. (*See* ECF No. 30-7).

**Objections:** Defendants object to this request to the extent it seeks information protected against disclosure by the law enforcement privilege, the deliberative process privilege, the attorney-client privilege, the attorney work product doctrine, or any other applicable executive privilege.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 10:** All documents, including communications, that DD Bowdich or his staff possessed, sent, or received concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**Objections:** Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request for "[a]ll documents, including communications . . . concerning Mr. Strzok" includes documents not related to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants will construe the request to be limited to documents relating to

10

Mr. Strzok's political views or the events that formed the basis of the termination of Mr. Strzok's employment from the FBI.  Defendants further object to this request to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control. Defendants further object to this request to the extent it seeks documents regarding all employees in the Office of the Deputy Director regardless of their position and regardless of their involvement in the events giving rise to the claims or defenses in this case. Defendants will construe this request to be limited to the persons who are reasonably likely to have information responsive to Mr. Strzok's document requests.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 11:**  All documents reflecting any communications with DD Bowdich or his staff concerning Mr. Strzok, his political views, or his potential or actual discipline or termination.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request for "[a]ll documents, including communications . . . concerning Mr. Strzok" includes documents not related to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants will construe the request for "[a]ll documents, including communications . . . concerning Mr. Strzok" to be limited to documents relating to Mr. Strzok's political views or the events formed the basis of the termination of Mr. Strzok's employment from the FBI.  Defendants further object to this request to the extent it purports

11

to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.  Defendants further object to this request to the extent it seeks documents regarding all employees in the Office of the Deputy Director regardless of their position and regardless of their involvement in the events giving rise to the claims or defenses in this case.  Defendants will construe this request to be limited to the persons who are reasonably likely to have information responsive to Mr. Strzok's document requests.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 12:**  All documents or communications concerning the Last Chance Agreement, any earlier version of that agreement, Mr. Strzok's acceptance of that agreement, or the effect of his acceptance of that agreement.

**Objections:**  Defendants object to this request to the extent it implies the referenced "Last Chance Agreement" created any legally enforceable rights between the Parties. Defendants further object to this request to the extent it seeks information protected against disclosure by the deliberative process privilege, the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 13:**  All documents or communications concerning any instance between January 1, 2013 and the present in which an FBI employee has been disciplined

for any of the three charges asserted against Mr. Strzok, namely FBI Offense Code 1.7 (Misconduct Related to Judicial Proceedings), 5.18 (Security Violation – Other), or 5.21 (Unprofessional Conduct – Off Duty).

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request covers FBI employees who are not comparable to Mr. Strzok in terms of seniority, job duties, offenses, disciplinary officials, or time period.  Defendants will construe the request to be limited to documents concerning disciplinary actions against FBI employees at a level of seniority of GS-15 or higher for the period between January 1, 2013 and August 31, 2018.  The production of documents concerning disciplinary matters for employees with different duties, for different offenses, or issued by different disciplinary officials does not constitute a waiver of Defendants' objection that such discipline does not constitute a relevant comparator for the purposes of the claims and defenses in this case.  Defendants further object to this request for "[a]ll documents or communications" as overbroad and not proportional to the needs of the case because the relevant information that formed the basis for any relevant disciplinary decision is contained in the FBI's decision letters resolving those disciplinary actions.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive decision letters located after a reasonable search.

**Request No. 14**:  All documents or communications concerning any instance between January 1, 2013 and the present in which the FBI has applied Policy 0915D to alter the severity of a disciplinary action.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request covers FBI employees who are not comparable to Mr. Strzok in terms of seniority, job duties, offenses, disciplinary officials, or time period.  Defendants will construe the request to be limited to documents concerning disciplinary actions against FBI employees at a level of seniority of GS-15 or higher for the period between January 1, 2013 and August 31, 2018.  The production of documents concerning disciplinary matters for employees with different duties, for different offenses, or issued by different disciplinary officials does not constitute a waiver of Defendants' objection that such discipline does not constitute a relevant comparator for the purposes of the claims and defenses in this case.  Defendants further object to this request for "[a]ll documents or communications" as overbroad and not proportional to the needs of the case because the relevant information that formed the basis for any relevant disciplinary decision is contained in the FBI's decision letters resolving those disciplinary actions.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive decision letters located after a reasonable search.

**Request No. 15:**  All documents or communications concerning any instance between January 1, 2013 and the present in which the FBI has not honored a last chance agreement that an employee has signed and the rationale for any such decision.

**Objections:**  Defendants object to this request to the extent it implies that the "Last Chance Agreement" referenced in Mr. Strzok's First Set of Requests for Production created any legally enforceable rights between the Parties.  Defendants further object to this request

on the ground that it is overbroad and not proportional to the needs of the case because the request covers FBI employees who are not comparable to Mr. Strzok in terms of seniority, job duties, offenses, disciplinary officials, or time period.  The production of documents concerning disciplinary matters for employees with different duties, for different offenses, or issued by different disciplinary officials in different time periods does not constitute a waiver of Defendants' objection that such discipline does not constitute a relevant comparator for the purposes of the claims and defenses in this case.  Defendants further object to this request for "[a]ll documents or communications" as overbroad and not proportional to the needs of the case because the relevant information that formed the basis for any decision to accept or reject a proposed Last Chance Agreement is contained in the FBI's decision letters resolving the relevant disciplinary actions.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive decision letters located after a reasonable search.

**Request No. 16:**  All documents or communication concerning any instance between January 1, 2013 and the present in which discipline of an FBI employee has been proposed or imposed for engaging in disruptive speech.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request covers FBI employees who are not comparable to Mr. Strzok in terms of seniority, job duties, offenses, disciplinary officials, or time period.  Defendants will construe the request to be limited to documents concerning disciplinary actions against FBI employees at a level of seniority of GS-15 or higher for the period between January 1, 2013 and August 31, 2018.  The

production of documents concerning disciplinary matters for employees with different duties, for different offenses, or issued by different disciplinary officials does not constitute a waiver of Defendants' objection that such discipline does not constitute a relevant comparator for the purposes of the claims and defenses in this case.  Defendants further object to this request for "[a]ll documents or communications" as overbroad and not proportional to the needs of the case because the relevant information that formed the basis for any relevant disciplinary decision is contained in the FBI's decision letters resolving those disciplinary actions.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive decision letters located after a reasonable search.

**Request No. 17:**  All documents or communications concerning any instance between January 1, 2013 and the present in which any other FBI employee has been denied a DRB review that he or she requested.

**Objections:**  Defendants object to this request to the extent it implies that Mr. Strzok was denied a DRB review that he requested.  Defendants further object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request covers FBI employees who are not comparable to Mr. Strzok in terms of seniority, job duties, offenses, disciplinary officials, or time period.  The production of documents concerning disciplinary matters for employees with different duties, for different offenses, or issued by different disciplinary officials in different time periods does not constitute a waiver of Defendants' objection that such discipline does not constitute a relevant comparator for the purposes of the claims and defenses in this case.  Defendants

16

further object to the extent this request may include instances in which an FBI employee is denied DRB review for administrative or non-substantive reasons, for example, probationary employees who are not entitled to DRB review. Defendants will construe this request to exclude such denials. Defendants further object to this request for "[a]ll documents or communications" as overbroad and not proportional to the needs of the case because the relevant information that formed the basis for a denial of a DRB review is contained in the FBI's decision letters resolving those requests for review.

**Response:** Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive decision letters located after a reasonable search.

**Request No. 18**: All documents or communication concerning any other instance, irrespective of the Relevant Period, in which a final disciplinary decision of AD Will has been modified or overturned.

**Objections:** Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request "[a]ll documents or communication concerning any other instance . . . in which a final disciplinary decision of AD Will has been modified or overturned" includes documents not relating to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case. Defendants will construe this request to be limited to documents or communications related to a disciplinary decision of AD Will that has been modified or overturned by a Director or Deputy Director of the FBI. Defendants further object to this request to the extent it suggests AD Will's disciplinary decisions are "final" and not subject to further review. Defendants further object to this request on the ground that it is overbroad and not

proportional to the needs of the case because the request covers FBI employees who are not comparable to Mr. Strzok in terms of seniority, job duties, offenses, disciplinary officials, or time period.  The production of documents concerning disciplinary matters for employees with different duties, for different offenses, or issued by different disciplinary officials in different time periods does not constitute a waiver of Defendants' objection that such discipline does not constitute a relevant comparator for the purposes of the claims and defenses in this case.  Defendants further object to this request for "[a]ll documents or communications" as overbroad and not proportional to the needs of the case because the relevant information that formed the basis for any relevant disciplinary decision is contained in the FBI's decision letters resolving those disciplinary actions.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive decision letters located after a reasonable search.

**Request No. 19**:   All documents or communications concerning FBI policy regarding the rights of FBI employees to express political opinions.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request "[a]ll documents or communication concerning FBI policy regarding the rights of FBI employees to express political opinions" includes documents not relating to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants will construe this request to be limited to official policy and/or guidance documents that are responsive to the request.

18

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 20:**   All documents or communication concerning any actual disruption of the operations and/or mission of the FBI resulting from the speech at issue in this case.

**Objections:**  Defendants object to this request to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.  Defendants further object to this request to the extent it seeks information protected against disclosure by the law enforcement privilege, deliberative process privilege, the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 21:**  All documents or communication that support any contention that the speech at issue in this case had the potential to disrupt the operations and/or mission of the FBI.

**Objections:**  Defendants object to this request to the extent it purports to impose any obligations beyond those in Rule 34(a)(1), which requires a responding party to produce only those documents in its possession, custody, or control.  Defendants further object to this request to the extent it seeks information protected against disclosure by the

deliberative process privilege, the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 22:**  All documents or communication concerning any complaint or concern expressed by any FBI employee about the speech engaged in by Mr. Strzok at issue in this case, or any friction or disharmony among FBI employees caused by the speech at issue.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request for "[a]ll documents or communications concerning any complaint or concern expressed by any FBI employee" includes documents not related to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants further object to this request on the ground that it is unduly burdensome and not proportional to the needs of the case to search for and produce "[a]ll documents or communications concerning . . . any friction or disharmony among FBI employees caused by the speech at issue," outside of those documented in a complaint received by the Office of Professional Responsibility. Defendants will construe the request to be limited to documents considered by those involved in the process or the ultimate decision to dismiss Mr. Strzok from the FBI.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 23:**  All documents or communications concerning the purposes, scope, and function of the DRB, including which employees are entitled to DRB review and under what circumstances DRB review may be withheld.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request for "[a]ll documents or communications concerning the purposes scope, and function of the DRB" includes documents not related to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants will construe the request to be limited to official policy and/or guidance documents that are responsive to the request.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 24:**  All FBI policies describing permissible or impermissible use of FBI issued cell phones.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request for "[a]ll FBI policies" includes documents not related to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants will construe the request to be limited to official policy and/or guidance documents that address (1) usage of FBI-issued cell phones for personal communications and (2) privacy interests (or lack thereof) in information transmitted over FBI-issued cell phones.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 25:**  All documents describing the job duties and responsibilities associated with Mr. Strzok's positions of employment between January 1, 2016 and August 9, 2018.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request for "[a]ll documents describing the job duties and responsibilities associated with Mr. Strzok's positions of employment" includes documents not related to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants will construe the request to be limited to official position descriptions and job postings that are responsive to the request.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 26:**  All documents that relate to any policy making function or policy making authority associated with Mr. Strzok's positions of employment between January 1, 2016 and August 9, 2018.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request for "[a]ll documents that relate to any policy making function or policy making authority associated with Mr. Strzok" includes documents not related to the events giving rise to this case, which are not

relevant to any party's claims or defenses in this case. Defendants will construe the request to be limited to official position descriptions and job postings that are responsive to the request.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 27:**  All SF 50's, SF 52's, or any other document reflecting the effective date of AD Will's decision to suspend and demote Mr. Strzok, or the effective date of DD Bowdich's decision to terminate Mr. Strzok's employment.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 28:**  All documents which support the FBI's argument that AD Will's decision to demote and suspend Mr. Strzok was not the final decision of the FBI or did not bind the agency.

**Objections:**  Defendants object to this request to the extent it seeks information protected against disclosure by the deliberative process privilege, the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 29:**  All communication collected as part of any OIG investigation that reflect or concern FBI employees expressing political opinions critical of Hillary Clinton or supportive of Donald Trump.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request "[a]ll communication collected as part of any OIG investigation that reflect or concern FBI employees expressing political opinions critical of Hillary Clinton or supportive of Donald Trump" includes documents not relating to the events giving rise to this case, which are not relevant to any party's claims or defenses in this case.  Defendants further object to this request on the ground that it seeks information not relevant to any party's claim or defense and is overbroad and not proportional to the needs of the case to the extent that the term "collected" includes documents not relied upon by the OIG in any report of investigation. Defendants will construe this request to be limited to communications by FBI employees at a level of seniority of GS-15 or higher expressing political opinions critical of Hillary Clinton or supportive of Donald Trump that were referenced in an OIG report of investigation provided to the FBI for potential discipline of any such FBI employees.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 30:**  All other communications sent by FBI employees that You have previously identified as critical of any candidate for political office and which resulted in Your evaluating disciplinary action against an employee.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request covers FBI employees who are not comparable to Mr. Strzok in terms of seniority, job duties, offenses, disciplinary officials, or time period.  Defendants will construe the request to be limited to documents concerning disciplinary actions against FBI employees at a level of seniority of GS-15 or higher for the period between January 1, 2016 and August 31, 2018.  The production of documents concerning disciplinary matters for employees with different duties, for different offenses, or issued by different disciplinary officials does not constitute a waiver of Defendants' objection that such discipline does not constitute a relevant comparator for the purposes of the claims and defenses in this case.  Defendants further object to this request for "[a]ll documents or communications" as overbroad and not proportional to the needs of the case because the relevant information that formed the basis for any relevant disciplinary decision is contained in the FBI's decision letters resolving those disciplinary actions.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive decision letters located after a reasonable search.

**Request No. 31:**  All documents or communication concerning any potential or actual adverse action, including disciplinary proceedings, proposed or taken by the FBI against any employee for criticizing Hillary Clinton or Joseph Biden or supporting President Trump.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request covers FBI employees

25

who are not comparable to Mr. Strzok in terms of seniority, job duties, offenses, disciplinary officials, or time period.  The production of documents concerning disciplinary matters for employees with different duties, for different offenses, or issued by different disciplinary officials in different time periods does not constitute a waiver of Defendants' objection that such discipline does not constitute a relevant comparator for the purposes of the claims and defenses in this case.  Defendants further object to this request to the extent it seeks documents regarding actions "proposed or taken" by any FBI employee. Defendants will construe this request to be limited to the Office of Professional Responsibility, the Inspection Division, and the DRB.  Defendants further object to this request for "[a]ll documents or communications" as overbroad and not proportional to the needs of the case because the relevant information that formed the basis for any relevant disciplinary decision or potential adverse action is contained in the FBI's decision letters or closing documents resolving those disciplinary actions or investigations.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive decision letters or closing documents located after a reasonable search.

**Request No. 32:**  All documents or communications concerning the decision to fire former FBI Director Andrew McCabe.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request is not related to the events giving rise to this case and is not relevant to any party's claims or defenses.

**Request No. 33:**  All documents or communications concerning the decision to fire former FBI Director James Comey.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request is not related to the events giving rise to this case and is not relevant to any party's claims or defenses.

**Request No. 34:**  Mr. Strzok's complete, official personnel file, including all performance appraisals, awards, commendations, pay-related documents and position descriptions, irrespective of the Relevant Period.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of the documents in Plaintiff's official personnel folder in Defendants' possession, custody, or control located after a reasonable search.

**Request No. 35:**  All communications, or documents reflecting communications, with Special Counsel Robert Mueller or any member of the Special Counsel's team related to Mr. Strzok's political views, his removal from the Special Counsel investigation, or any potential or actual discipline or termination.

**Objections:**  Defendants object to this request as overbroad and not proportional to the needs of the case to the extent it seeks documents related to the "potential or actual discipline or termination" of individuals other than Mr. Strzok.  Defendants will construe the request to be limited to documents or communications concerning Mr. Strzok. Defendants also object to the "Relevant Period" as it applies to this request, because the Special Counsel was not appointed until May 17, 2017.  Defendants will construe this request to seek documents from the period of May 17, 2017 until August 31, 2018.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

27

**Request No. 36:**  All communications between You and any Member of the Press concerning Mr. Strzok's suspension, termination, or any associated rationale.

**Objections:**  Defendants object to this request on the ground that it is overbroad and not proportional to the needs of the case because the request is not related to the events giving rise to this case and are not relevant to any party's claims or defenses.  Defendants will construe the request to be limited to any responsive communications between any Member of the Press and (1) relevant persons within FBI's and/or DOJ's offices of public affairs, or (2) individuals involved in the decision to remove Mr. Strzok from the FBI.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

**Request No. 37:**  All other documents You contend are relevant to Mr. Strzok's First or Fifth Amendment claims in this action.

**Response:**  Subject to and without waiving the foregoing objections, Defendants will produce the non-privileged portions of any responsive documents located after a reasonable search.

Dated: December 2, 2020

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

CHRISTOPHER R. HALL
Assistant Branch Director

 */s/ Bradley P. Humphreys*
BRADLEY P. HUMPHREYS
GRACE X. ZHOU
MICHAEL GAFFNEY
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: (202) 305-0878
Fax: (202) 616-8470
Email: bradley.humphreys@usdoj.gov

*Counsel for Defendants*